

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-2003

# USA v. Carstarphen

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2593

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Carstarphen" (2003). *2003 Decisions*. Paper 480.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/480

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>**NOT PRECEDENTIAL**</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2593

UNITED STATES OF AMERICA

v.

HERBERT CARSTARPHEN,

Appellant

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

(Dist. Court No. 01-cr-00119)
District Court Judge: Hon. Jerome B. Simandle

Submitted Under Third Circuit LAR 34.1(a)
June 2, 2003

Before: ALITO, ROTH, and STAPLETON, <u>Circuit Judges</u>.

(Opinion Filed: June 5, 2003)

OPINION OF THE COURT

ALITO, <u>Circuit Judge</u>:

In this direct criminal appeal, Herbert Carstarphen contests the sentence imposed by

the District Court after it granted a downward departure under U.S.S.G. § 5K1.1.

Carstarphen acknowledges that we lack jurisdiction to review a discretionary refusal to grant a departure or a discretionary decision regarding the extent of a departure, but Carstarphen argues that the District Court committed legal error because its ruling was based on an erroneous understanding of its legal authority to depart. In this connection, Carstarphen first argues that "the District Court's reasoning reveals a perception that it possibly lacked the power to depart when cooperation did not lead to the arrest or conviction of someone." Appellant's Br. at 18. However, since the District Court granted a downward departure in this case based on assistance that did not lead to an arrest or conviction, this argument is plainly wrong.

Carstarphen then suggests that the District Court erred by "temper[ing] the extent of the downward departure" because there was no arrest or conviction, id., but Carstarphen does not explain why such "temper[ing]" is legal error, and later in his brief, he retreats from this position, arguing as follows:

> [W]e are not arguing that cooperating defendants whose cooperation is substantial but does not result in an arrest or a prosecution are entitled to the identical departure as those cooperators whose cooperation does result in an arrest and a prosecution. Rather, we are arguing that Judge Simandle's analysis of the cooperation was too mechanical and superficial.

Appellant's Br. at 23. Carstarphen's argument, then, seems to be that a District Court commits legal error if its consideration of the value of a defendant's cooperation is "too mechanical and superficial." It is doubtful that this is anything more than an abuse-of-discretion argument in disguise, but in any event, we have reviewed the relevant portions of

-2-

the record and conclude that the District Court understood the governing legal standards and committed no legal error. In addition, we hold that the District Court did not commit plain error in its disposition of the § 5K1.1 motion by failing to consider the defendant's alleged assistance in relation to drug sales. We likewise hold that, contrary to the defendant's argument, the District Court, in ruling on that motion, did in fact consider the defendant's danger.

Carstarphen seeks an additional departure under § 5H1.4 based on what he characterizes as "an extraordinary physical impairment," but he failed to file the requisite motion before the District Court. Whether this failure constituted a waiver, see, e.g., United States v. Woody, 55 F.3d 1257, 1276 (7th Cir. 1995), or merely limits our review to plain error, there is no basis for reversal here. Considering the seriousness of the conditions for which a section 5H1.4 departure is ordinarily warranted, see, e.g., United States v. McQuilkin, 97 F.3d 723, 730 (3d Cir. 1996), and the fact that the District Court specifically addressed the prison medical system's capacity to provide adequate care, see, e.g., United States v. Hernandez, 218 F.3d 272, 281 (3d Cir. 2000), we cannot characterize the District Court's failure to raise the issue sua sponte as plain error.

We accordingly affirm the judgment of the District Court.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Not Precedential Opinion.

-3-

<u>Samual A. Alito, Jr.         </u>
Circuit Judge